UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOSEPH MCELHINEY,<br><br>Defendant. | Case No.: 2:23-CR-00082-TOR<br><br>PROTECTIVE ORDER |

The United States of America, having applied to this Court for a Protective Order regulating disclosure of the discovery materials and the confidential and sensitive information contained therein to defense counsel in connection with the United States' ongoing discovery obligations, and the Court finding good cause therefore, **IT IS HEREBY ORDERED**:

1. The United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information is **GRANTED**.

2. **Production of Sensitive Personal Information**. The United States is authorized to disclose certain information that includes private and personally identifying information (herein "PII") of third parties, including but not limited to names, contact information, bank account information, and private communications, to Defendant, pursuant to its discovery obligations.

3. The United States is authorized to disclose the foregoing documents,

PROTECTIVE ORDER ~ 1

data, and information in unredacted form to counsel for Defendant. Upon producing these documents to Defendant, the United States shall designate them as "confidential" in the manner set forth below. Defendant's counsel, their personnel, and other members of the defense team(s) may use these documents, data, and information only for purposes of the litigation, and as set forth below.

4. **Access to Confidential Information**. The right to access confidential material produced by the United States shall only include (1) attorneys representing Defendant in this action; (2) experts whose review of that material is requested in connection with the presentation of the United States' or Defendant's case; (3) investigators, law clerks, paralegals, secretaries, and document service providers employed by Defendant's attorney(s) whose review of that material is requested in connection with the preparation and presentation of Defendant's case; (4) Defendant; (5) attorneys and other agents of the United States involved in the prosecution of the above-captioned case; and (6) the Court and its staff. Nothing in this Order prohibits counsel from showing a document to a witness in the course of preparing the witness. All parties shall minimize, to the greatest extent possible, disclosure of the contents of confidential documents governed by this Protective Order, and shall disclose such information only to the extent necessary to the prosecution or defense of this action, and only in a manner consistent with the terms of this Protective Order. The right to access the material governed by this Protective Order continues until final judgment has been upheld on direct appeal and collateral review, or until such review is exhausted.

5. **Reporting of Violations of Protective Order**. Government personnel and counsel for Defendants shall promptly report to the Court any known violations of this Protective Order.

6. **Acknowledgements**. If counsel for any Defendant, or if counsel for the United States, engages the services of non-government experts, investigators, or document service providers, whose review of documents is requested in connection

PROTECTIVE ORDER ~ 2

with the prosecution or defense of this case, such non-parties must sign an acknowledgement of the Protective Order that (a) he/she has reviewed the Protective Order; (b) he/she understands its contents; (c) he/she agrees to access the documents only for the purposes of preparing for the case; and (d) he/she will not distribute any copies of any documents subject to the Protective Order absent further Order of the Court. Counsel for the United States and for Defendants shall retain such signed acknowledgements until after final judgment has been upheld on direct appeal and collateral review. All counsel of record shall keep a list of the identity of each person to whom the materials governed by this Protective Order are disclosed and who was advised of the requirements of this Protective Order. Neither counsel for Defendant nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

7. **Disposition of Confidential Information**. All material subject to this Protective Order, excluding all attorney work product of attorneys for Defendants, must be either returned to the United States or destroyed upon its request after any final judgment has been upheld on direct appeal and collateral review, or such review is exhausted. Counsel for the United States may maintain one copy of any document in their case file and may maintain copies of any notes or summaries based on such documents in their case file.

8. **Filing and Use of Confidential Information**. The parties shall not file confidential documents, data, and information with, or submit them to, the Court or reproduce their contents in any court filing unless the party files that document under seal, or all PII has been removed or otherwise appropriately redacted.

9. **Designation of Material Subject to this Protective Order**. To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on a diskette cover, by using the following designation: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

PROTECTIVE ORDER ~ 3

10. **Data Protections**. All confidential materials shall be stored in encrypted and/or password protected electronic media at all times.

11. **Confidential Information in Open Court**. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. To ensure that PII of third parties is not made public, the parties shall consider redacting confidential documents to remove personal identifiers, requesting leave to submit such documents under seal, and introducing summary evidence where practicable. No party shall disclose designated confidential documents in open court without prior consideration by the Court.

12. **Privileges are Maintained**. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of documents and information generated by the United States Department of Homeland Security Homeland Security Investigations (HSI) or any other federal agency in connection with the above-entitled case does not constitute a waiver of the attorney-client privilege, the work-product protection, trade secrets, or other applicable privilege or protection, in this or any other federal or state proceeding. Moreover, the production of HSI or other agency documents does not constitute a waiver of the government's deliberative process privilege. Defendant and his counsel are, absent leave of this Court, barred from disclosing to any third party any federal government document that has been disclosed by the government in discovery in the above-captioned matter, except to the extent that defense counsel needs to do so for preparation or use at trial or any other proceeding in litigation of the above-captioned case, in a manner consistent with the terms of this Protective Order. Unless disclosed in open court, no documents used in this case will be considered to have been publicly disclosed by virtue of their production in this case. The United States maintains its right to protect such documents from any further requests for disclosure, consistent with the law.

13. **Modification Permitted**. Nothing in this Order shall prevent any party

PROTECTIVE ORDER ~ 4

from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

14. **No Ruling on Admissibility or Discoverability**.  This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible.

15. **Use by Executive Branch Agencies or Congressional Entities**. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, or to a Congressional entity, documents related to any potential violation of law or regulation, or relating to any matter within that agency's or entity's jurisdiction, nor shall anything in this Protective Order prevent or in any way limit or impair the use of such documents by an agency or Congressional entity in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's or entity's jurisdiction, provided, however, that the agency or Congressional entity shall maintain the confidentiality of the documents consistent with the terms of this Protective Order.

16. **No Waiver**.  The failure to initially designate any materials as provided in paragraph 9 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order. If a party wishes to assert that materials produced not initially designated as confidential pursuant to this Protective Order, it must notify the other party in writing and the other party shall upon receipt of that written notice treat the materials as confidential under this Protective Order thereafter.

//
//
//
//

PROTECTIVE ORDER ~ 5

1  **IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter
2  this Protective Order and provide copies to counsel.
3        DATED November 17, 2023.



_____
THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 6